## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**

**CARLOS T. HAIRSTON,**

        **Defendant.**

:

:

**Case No. 2:25-cr-182**
**Chief Judge Sarah D. Morrison**

### OPINION AND ORDER

This matter is before the Court on Defendant Carlos Hairston's Appeal of

Order of Detention and Motion for Pretrial Release. (Mot., ECF No. 25.) The

Government opposes. (Resp., ECF No. 26.) Having considered the evidence *de novo*,

the Court **DENIES** the Motion.

### I. BACKGROUND

Mr. Hairston, now 42, has been involved in the criminal justice system since

the age of 20, when he was arrested for carrying a concealed weapon. (PSR, ECF

No. 32, PAGEID # 116.)[1] Less than a year later, he was arrested for aggravated

robbery with a firearm. (*Id.*, PAGEID # 117.) Since then, he has committed several

offenses, including weapons violations, failures to attend court, and failures to abide

by court-ordered supervision. (*Id.*, PAGEID # 119–21.)

---

[1] The Presentence Investigation Report was completed since the instant
Motion was filed. Considering Mr. Hariston's guilty plea and upcoming sentencing,
the Court relies on that report rather than the Pretrial Services Report.

On September 26, 2025, Columbus Police Officers were in the area of Sullivant and Central Avenue when they heard gunfire from the south. (ECF No. 21, PAGEID # 41.) Officers responded to the area and conducted a traffic stop on the suspect vehicle. (*Id*.) Officers searched the vehicle and located a firearm under the front seat. (*Id*.) Mr. Hairston was identified as the front-seat passenger and admitted that the firearm was his and that he fired the gunshots heard by officers. (*Id*.) On November 6, 2025, a federal grand jury returned a one-count indictment charging Mr. Hairston with being a felon in possession of a firearm. (ECF No. 4.)

The Government moved for Mr. Hairston's detention and the Magistrate Judge held a detention hearing on November 25, 2025. (ECF No. 17.) The Magistrate Judge considered Mr. Hairston's history and characteristics, the factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the conditions of release and found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (ECF No. 18.)

Since the detention hearing, Mr. Hairston pleaded guilty to one count of felon in possession of a firearm, and the Court accepted his plea. (ECF No. 23.) Mr. Hairston's sentencing is scheduled for May 12, 2026. (ECF No. 34.)

## II.    LEGAL STANDARD

The standard regarding Mr. Hairston's detention changed when he pleaded guilty. The rule for defendants like Mr. Hairston, who have pleaded guilty but are awaiting sentencing, is found in 18 U.S.C. § 3143(a)(1). Under that provision, "a defendant found or pleading guilty must be detained unless the district court finds

by clear and convincing evidence that he is not a flight risk or a danger to the safety of the community." *United States v. Veloz-Alonso*, 910 F.3d 266, 267 (6th Cir. 2018) (citing 18 U.S.C. § 3143(a)(1)).

Unlike detention determinations made before conviction, "Section 3143 creates a presumption that a defendant who has been convicted of a crime may not be released pending his … sentencing unless he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community." *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988) (citation modified). The burden of proof belongs to the defendant. *Id.*

III.   ANALYSIS

Mr. Hairston asks that the Court revoke the Magistrate Judge's order and release him on electronic home confinement pending his upcoming sentencing. (Mot., PAGEID # 52.) But Mr. Hairston has not satisfied his burden here.

Mr. Hairston says that if released, he will go to live with Ms. Bobbi Knight who has a home in Columbus. (*Id.*, PAGEID # 50.) He mentions his strong family relationships and a supervisor that is willing to hire him back. (*Id.*, PAGEID # 51.) Mr. Hairston attached several letters to his Motion suggesting that if released, he has a proposed treatment plan in place. (*Id.*, PAGEID # 51–52.) While all these things are important (and encouraged), none meaningfully address the danger he poses to the community considering both his current and prior criminal convictions.

Mr. Hairston's behavior is concerning. He admitted to discharging a firearm in a densely populated area. Irrespective of whether Mr. Hairston's careless act constitutes a crime of violence, it cannot be said that it was not dangerous.

3

Considering that along with his several prior convictions for firearm-related offenses, it does not appear Mr. Hairston has learned from his actions. Nor is the Court persuaded Mr. Hairston would be discouraged from reoffending if released. That is, Ms. Knight testified that she runs a full-time counseling business, is working on college coursework, and has an infant at home. (Resp., PAGEID # 60.) Accordingly, the Undersigned shares the Magistrate Judge's concerns regarding Ms. Knight's availability to meaningfully stop Mr. Hairston from engaging in behavior that endangers others, including her own infant child. (*Id.*, PAGEID # 61.)

In sum, Mr. Hairston has not satisfied his burden by clear and convincing evidence that if released, he would no longer pose a danger to the community.

## IV.    CONCLUSION

Mr. Hairston's Motion (ECF No. 25) is **DENIED**. The detention order remains in effect.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**